# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
LINDA WIRTSHAFTER,              *
                                *    No. 18-1562V
          Petitioner,           *    Special Master Christian J. Moran
                                *
v.                              *    Filed: December 20, 2019
                                *
SECRETARY OF HEALTH             *    Entitlement, dismissal
AND HUMAN SERVICES,             *
                                *
          Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

Howard D. Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Linda Wirtshafter alleged that an influenza vaccination she received on October 15, 2015, caused her to develop small fiber neuropathy. Pet., filed Oct. 9, 2018, ¶¶ 2-3. On December 19, 2019, Ms. Wirtshafter moved for a decision dismissing her petition.

### I.   Procedural History

Ms. Wirtshafter filed a petition on October 9, 2018. After Ms. Wirtshafter filed all of her medical records, the Secretary filed a status report indicating that the records was complete on August 8, 2019. The Secretary then filed his Rule 4(c) report on September 23, 2019, contesting entitlement.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

A status conference was then held on October 31, 2019, in which the undersigned discuss two obstacles with respect to chronology in the case: (1) that petitioner's tingling appeared to pre-date vaccination, and (2) that onset appeared too rapid.  Order, issued Oct. 31, 2019, at 1.  At this status conference, petitioner's counsel stated that he would consult with petitioner as to whether she wished to proceed with expert reports or move for dismissal.  The undersigned ordered petitioner to file either a status report indicating her intent to proceed with litigation or, in the alternative, move for voluntary dismissal.

Ms. Wirtshafter moved for a decision dismissing her petition on December 19, 2019.  In the motion, Ms. Wirtshafter stated that she "[a]n investigation into the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation," but "does reserve the right to file a civil action in the future."  Pet'r's Mot., filed Dec. 19, 2019, ¶¶ 1, 5.  The Secretary advised by informal communications that he would not be filing a response.  This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.  ~~Ms. Leonard alleged that she suffered a "Table Injury," GBS caused by an influenza vaccination.  42 C.F.R. § 100.3(a)(XIV)(D).~~

In her December 19, 2019 motion, Ms. Wirtshafter admitted that she would be unable to provide evidence sufficient to establish her claim and prove entitlement to compensation, and that to proceed would be unreasonable.  Pet'r's Mot., filed Dec. 19, 2019, ¶ 1-2.  Though Ms. Wirtshafter filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a

judgment issue in the case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed Dec. 19, 2019, ¶¶ 3, 5.

In light of Ms. Wirtshafter's concession that this case is not compensable and a review of the entire record, the undersigned finds that Ms. Wirtshafter has not established a Table Injury of the influenza vaccine causing small fiber neuropathy.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master