# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| LINDA WIRTSHAFTER, | * | |
| | * | No. 18-1562V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 22, 2021 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' fees and costs; remand |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Howard D. Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for petitioner;

Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

An April 16, 2021 decision found that Linda Wirtshafter was not eligible for an award of attorneys' fees and costs because she did not establish that a reasonable basis supported the claim that an influenza vaccination she received on October 15, 2015, caused her to develop small fiber neuropathy. Wirtshafter v. Sec'y of Health & Human Servs., No. 18-1562V, 2021 WL 1906258 (Fed. Cl. Spec. Mstr. Apr. 16, 2021). After Ms. Wirtshafter filed a motion for review, the Court reversed this finding and remanded for additional consideration.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

In light of the Court's finding that Ms. Wirtshafter's claim was supported by reasonable basis, Ms. Wirtshafter should receive a reasonable amount of attorneys' fees and costs. As explained below, a reasonable amount is $28,429.46.

## I.     Eligibility for Attorneys' Fees and Costs[2]

Petitioners who have not been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

Ms. Wirtshafter satisfies both criteria. The April 16, 2021 decision found that she filed her petition in good faith and that finding was not disputed. In addition, the Court concluded its Opinion by stating "the Court holds that Ms. Wirtshafter possessed a reasonable factual and legal basis for her compensation claim." Wirtshafter v. Sec'y of Health & Human Servs., No. 18-1562V, 2021 WL 4188429, at *9 (Fed. Cl. Aug. 26, 2021)

Quoting Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993), the Court recognized that even with a finding of reasonable basis, a special master might decline to award attorneys' fees and costs. Upon review, the undersigned finds that an award of reasonable attorneys' fees and costs is appropriate.

## II.    Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the

---

[2] The events in Ms. Wirtshafter's life and the litigation history were set out previously. See Wirtshafter, 2021 WL 4188429, at *1-5; Wirtshafter, 2021 WL 1906258, at *1-4.

undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.     Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895 n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Ms. Wirtshafter proposes a reasonable rate for her attorney, Howard Mishkind, of $400 per hour from 2018-19, $425 per hour for 2020, and $450 per hour for 2021.  She also proposes a rate of $125 per hour for a nurse legal assistant / paralegal.  The Secretary does not dispute these rates.  See Resp't's Resp., filed Sep. 17, 2021.  They are reasonable.

---

[3] The 2015–2016, 2017, 2018, 2019, 2020, and 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

### B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

The time entries provide adequate detail to assess reasonableness. Generally, Mr. Mishkind and staff assisting on the case billed appropriately. The undersigned finds the amount requested in Ms. Wirtshafter's first motion to be reasonable. These original fees amount to $15,130.

With respect to the additional fees requested in the supplemental motion, most activities are reasonable. However, Ms. Wirtshafter also requests compensation for her attorney performing clerical tasks such as filings. These charges are not reasonable. These charges amount to a reduction of $4,250 in fees, for a total of $12,450.

Accordingly, Ms. Wirtshafter is awarded attorneys' fees in the amount of $27,580.

### C.     Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). For attorneys' costs through April 21, 2020, Ms. Wirtshafter requested $849.46. See Pet'r's Mot., filed Jan. 29, 2020, Fees Exhibit A at 1. These costs are reasonable.

## V.     Conclusion

Ms. Wirtshafter's motion for attorneys' fees and costs is GRANTED. She is awarded $28,429.46, which is payable in a check made out to petitioner and her attorney. The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed.[4] The Clerk's Office is also directed to provide this decision to the assigned judge pursuant to Vaccine Rule 28.1(a).

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
